**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DEEL, INC.,<br><br>Movant,<br><br>v.<br><br>PAPAYA GLOBAL, INC.,<br><br>Respondent. | Misc. Action No. 1:26-MC-00327-MN<br><br>Underlying lawsuit pending in the United States District Court for the Northern District of California, Civ. No. 3:25-cv-02576-CRB |

# REPLY BRIEF IN FURTHER SUPPORT OF DEEL, INC.'S MOTION TO COMPEL PAPAYA GLOBAL, INC.'S COMPLIANCE WITH RULE 45 SUBPOENA

Joseph O. Larkin (ID No. 4883)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
Tel.: (302) 651-3000
Email: joseph.larkin@skadden.com

*Counsel for Movant Deel, Inc.*

DATED: August 18, 2026

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. THE SUBPOENA SEEKS RELEVANT, PROPORTIONAL DISCOVERY INTO RIPPLING'S RICO PATTERN ALLEGATIONS AND DEEL'S DEFENSES. .......... 2

A. Rippling's RICO Claims Depend On Papaya's Alleged Victimization, Making Discovery From Papaya Relevant. .......... 2

B. Papaya Holds Uniquely Probative Evidence Unavailable From Any Other Source. .......... 3

II. PAPAYA FAILS TO ESTABLISH THAT PRODUCTION WOULD BE UNDULY BURDENSOME OR IS OTHERWISE IMPROPER. .......... 3

A. Papaya Has Failed To Support Its Undue Burden Objection. .......... 4

B. Papaya Relies On Unrelated Atmospherics To Suggest Improper Motive. .......... 5

C. Papaya Ignores The Record To Claim There Is "No Factual Predicate." .......... 6

III. PAPAYA'S IMPROPER BLANKET OBJECTIONS SUPPORT A MOTION TO COMPEL PRODUCTION. .......... 7

A. Papaya Has Not Identified Any Trade Secrets Necessitating Relief. .......... 7

B. Papaya Has Not Properly Asserted Any Privilege Justifying Its Failure To Produce Documents Responsive To The Requests. .......... 8

IV. PAPAYA'S REQUESTS TO QUASH THE SUBPOENA AND FOR FEES AND COSTS ARE NOT PROPERLY BEFORE THE COURT. .......... 9

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. X Corp. f/k/a Twitter*,
No. 23-cv-00528-TMH, 2026 WL 776316 (D. Del. Mar. 19, 2026).............................. 3

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*,
845 A.2d 1040 (Del. 2004) ........................................................................................... 2

*Black v. Wrigley*,
No. 18-cv-2367 GPC-BGS, 2019 WL 1877070 (S.D. Cal. Apr. 26, 2019) ................... 9

*Cash Today of Texas, Inc. v. Greenberg*,
No. 02-mc-77-GMS, 2002 WL 31414138 (D. Del. Oct. 23, 2002)................................ 4

*Ceuric v. Tier One, LLC*,
325 F.R.D. 558 (W.D. Pa. 2018) ................................................................................... 3

*Duong v. Groundhog Enterprises, Inc.*,
No. 19-cv-01333-DMG-MAA, 2020 WL 2041939 (C.D. Cal. Feb. 28, 2020).............. 9

*Everest Indemnity Insurance Co. v. Jake's Fireworks, Inc.*,
335 F.R.D. 330 (D. Kan. 2020)...................................................................................... 9

*GOLO, LLC v. Amazon.com, Inc.*,
No. 24-mc-589, 2025 WL 1918577 (D. Del. July 11, 2025).......................................... 3

*H2E Amricas, LLC v. Rymark Inc.*,
No. 25-00029-RGA-SRF, 2025 WL 974297 (D. Del. Apr. 1, 2025) ............................. 4

*Hinsinger v. Conifer Insurance Co.*,
No. CV 20-14753 (RK) (RLS), 2024 WL 866529 (D.N.J. Feb. 29, 2024) .................... 8

*In re Motorsports Merchandise Antitrust Litig.*,
186 F.R.D. 344 (W.D. Va. 1999).................................................................................... 6

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*,
No. 03 CIV.1382 RWS, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003)..................... 10

*In re Novo Nordisk Securities Litig.*,
530 F. Supp. 3d 495 (D.N.J. 2021) .............................................................................3-4

*Omega Liner Co. v. Norris McLaughlin, P.A.*,
No. CV 25-1256 (GC) (RLS), 2025 WL 2645698 (D.N.J. Sept. 15, 2025) ................... 8

*Perrong v. Caller Identified as Connor*,
No. CV 22-4479 (CPO/EAP), 2023 WL 113957 (D.N.J. Jan. 4, 2023) ...................... 5-6

*Pippins v. KPMG LLP*,
279 F.R.D. 245 (S.D.N.Y. 2012), *modification denied*,
2013 WL 2145590 (S.D.N.Y. May 18, 2013) ............................................................ 2

*RG Abrams Insurance v. Law Offices of C.R. Abrams*,
342 F.R.D. 461 (C.D. Cal. 2022) .................................................................... 9

*Spring Pharmaceuticals, LLC v. Retrophin, Inc.*,
No. 18-cv-04553, 2019 WL 3731725 (E.D. Pa. Aug. 8, 2019) ..................................... 9

*Syngenta Crop Protection, LLC v. Willowood, LLC*,
No. 16-mc-171-RGA, 2016 WL 4925099 (D. Del. Sept. 14, 2016) .............................. 8

*Tavarez v. Township of Egg Harbor*,
No. CV 09-6119-JHR-KMW, 2012 WL 13186197 (D.N.J. Aug. 3, 2012) .................... 9

*Verisign, Inc. v. XYZ.com, LLC*,
No. 15-mc-175-RGA-MPT, 2015 WL 7960976 (D. Del. Dec. 4, 2015) ........................ 7

**Rules**

Fed. R. Civ. P. 7(b)(1) ......................................................................................... 9

**Other Authorities**

Papaya Global, *Deel: Public Reporting on Pending Legal and Regulatory Matters*,
https://www.papayaglobal.com/blog/papaya-global-competitive-analysis-2/
(last visited Aug. 10, 2026) ........................................................................... 1

## INTRODUCTION

Papaya's opposition rests on the false premise that it is a disinterested non-party that Deel swept into this litigation to harass a competitor. The record shows otherwise:

- Papaya's CEO publicly injected Papaya into the dispute, declaring on social media that the allegations against Deel were "not a one-off incident" and accusing Deel's CEO of attempting to spy on Papaya.
- Rippling, the underlying plaintiff, then relied on those very statements expressly characterizing Papaya as a "victim" of Deel's alleged RICO scheme.[1]
- Rippling identified Papaya in its initial disclosures as a source of relevant information and served it with a subpoena in the underlying case.
- Papaya also maintains a webpage devoted to this case and to other purported "lawsuits, regulatory inquiries, and investigations involving Deel."[2]
- After publicly aligning itself with Rippling's allegations and supplying statements that Rippling incorporated into its RICO claims, Papaya seeks to block Deel from obtaining evidence to test those allegations—evidence only Papaya possesses.

---

[1] First Amended Complaint, D.I. No. 57, *People Center, Inc. d/b/a Rippling v. Deel, Inc.*, Case No. 3:25-cv-02576-CRB (N.D. Cal.) ("FAC").

[2] Papaya Global, *Deel: Public Reporting on Pending Legal and Regulatory Matters,* https://www.papayaglobal.com/blog/papaya-global-competitive-analysis-2/ (last visited Aug. 10, 2026).

# ARGUMENT

## I. THE SUBPOENA SEEKS RELEVANT, PROPORTIONAL DISCOVERY INTO RIPPLING'S RICO PATTERN ALLEGATIONS AND DEEL'S DEFENSES.

### A. Rippling's RICO Claims Depend On Papaya's Alleged Victimization, Making Discovery From Papaya Relevant.

Rippling put Papaya's alleged victimization by Deel in its RICO narrative. Under Federal Rule of Civil Procedure 26, relevance is "interpreted broadly." *Pippins v. KPMG LLP*, 279 F.R.D. 245, 254 (S.D.N.Y. 2012), *modification denied*, 2013 WL 2145590 (S.D.N.Y. May 18, 2013). Papaya does not dispute that standard. The narrowed Requests concern (i) alleged misappropriation of Papaya Information (FAC ¶167)[3]; (ii) Rippling-Papaya coordination bearing on manufactured "victim status"; (iii) the basis for Eynat Guez's "not a one-off incident" statement (FAC ¶168); and (iv) the basis for Ms. Guez's statement regarding Alex Bouaziz asking a Papaya founder's family member to pass information to Deel (FAC ¶168). These Requests are relevant because they "bear[] on, or . . . reasonably could lead to other [information] that could bear on, any issue that is or may be in the case." *Pippins*, 279 F.R.D. at 254 (citation omitted).

Papaya does not distinguish that broad relevance standard or address Rippling's allegations invoking Papaya as a RICO victim. (FAC ¶¶ 160, 167-68) Nor does it address Rippling's need to establish a "pattern" of racketeering activity. (*See* Opening Brief ("O.B.") § I) The Court deems waived issues not addressed in opposition briefing. *See, e.g.*, *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1052 n.33 (Del. 2004). Thus Deel satisfies Rule 26(b)(1)'s broad relevance standard.

---

3 That FAC ¶167 only alleges that O'Brien *searched* for Papaya on Slack, rather than alleging actual appropriation, does not defeat relevance. Deel is permitted to *test* what—and whether—the alleged victimization occurred.

### B. Papaya Holds Uniquely Probative Evidence Unavailable From Any Other Source.

#### 1. Rippling cannot provide Papaya's internal documents.

The Requests are directly relevant to the underlying action and available only from Papaya. Like in *GOLO*, the subpoena should be enforced, because Papaya's internal documents are necessary and Rippling lacks the basis for Ms. Guez's statements and public disclosures. *See GOLO, LLC v. Amazon.com, Inc.*, No. 24-mc-589, 2025 WL 1918577, at *2 (D. Del. July 11, 2025).

#### 2. Rule 45 does not require exhaustion of party discovery.

Deel need not complete party discovery before seeking documents in a third party's possession. "Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party. Rather, it requires that the documents subpoenaed be within the control of the nonparty witness." *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) (citation omitted). Even if Rippling could provide some materials, Papaya overstates the holding in *Arnold.* The Court based its decision on the case's early stage, and noted, "[a]s discovery progresses, Plaintiffs are free to narrow their inquiries and reissue the subpoenas in a manner consistent with this opinion." *Arnold v. X Corp. f/k/a Twitter*, No. 23-cv-00528-TMH, 2026 WL 776316, at *4 (D. Del. Mar. 19, 2026). Papaya's focus on party discovery obligations is misplaced; federal courts have no exhaustion requirement or obligation to move to compel discovery from a party before enforcing a subpoena.

## II. PAPAYA FAILS TO ESTABLISH THAT PRODUCTION WOULD BE UNDULY BURDENSOME OR IS OTHERWISE IMPROPER.

The Opposition does not dispute Rule 26(b)(1)'s broad relevance standard, instead focusing on the Rule 45(d) standard for a motion to quash, which is not before the Court. (*See infra* at Section IV). Papaya does not challenge the burden-shifting framework under *In re Novo*

*Nordisk Sec. Litig.* (O.B. at 7).[4] 530 F. Supp. 3d 495 (D.N.J. 2021). Under either framework, Deel prevails: Papaya does not argue the Requests are irrelevant and offers no support for its undue burden or impropriety claims. The Opposition mines the parties' correspondence to present a misleading narrative, but Papaya has no good faith basis to deny that the Subpoena seeks relevant and proportional materials.

**A. Papaya Has Failed To Support Its Undue Burden Objection.**

Papaya's "undue burden" objection fails because it identifies no specific burden: no affidavit, cost estimate, quantification or disruption. A generalized objection is insufficient. (O.B. § III) Over three months, Deel has worked to clarify the Subpoena and reduce the compliance burden by withdrawing or deferring Requests and offering to agree on reasonable search terms and custodians; Papaya rejected those efforts to narrow the Subpoena.[5] As in the *Cash Today of Texas* case Papaya cites, where "subpoenaed information relates to the defenses" and "such information can be provided by any other source," whatever burden Papaya "will encounter in complying with the subpoena is necessary and, as tempered by certain conditions discussed above, not undue." *Cash Today of Texas, Inc. v. Greenberg*, No. 02-mc-77-GMS, 2002 WL 31414138, at *5 (D. Del. Oct. 23, 2002).

---

[4] *H2E Americas* is distinguishable because, unlike Papaya, the subpoenaed party raised specific objections to the burden of compliance with requests "encompass[ing] a nine-year period" and "untethered to the claims at issue" in the underlying case. *H2E Am., LLC v. Rymark Inc.*, No. 25-00029-RGA-SRF, 2025 WL 974297, at *4 (D. Del. Apr. 1, 2025).

[5] As the Opposition makes clear, Papaya's only offer to produce *any* documents in response to Request Nos. 14 and 15 was contingent on Deel permanently "withdraw[ing] the remaining requests" before it produced a single document. (*See* Answering brief ("A.B.") at 7)

### B. Papaya Relies On Unrelated Atmospherics To Suggest Improper Motive.

*First*, the record does not support Papaya's premise that Deel served the Subpoena to force its CEO to retract prior statements. Deel explained that the Subpoena seeks discovery relevant to Rippling's allegations and Deel's defenses. On June 11, 2026, Deel's counsel wrote:

> As we have previously explained, these Requests go to the core of Papaya's involvement in this litigation: (1) whether Papaya was in fact a victim of the misconduct Rippling attributes to Deel, and (2) the basis for public statements by Papaya's CEO about Deel which are quoted in the FAC. Any evidence Papaya possesses that Deel misappropriated its information is relevant to Rippling's "pattern of racketeering" allegations. To the contrary, if Papaya possesses no such evidence, that is equally relevant, because Rippling has represented otherwise in the FAC.

(D.I. 11-5 at 2) As discussed *supra* at Section I, the Subpoena targets FAC claims, not collateral matters.

*Second*, Papaya conflates unrelated issues to suggest impropriety. References to cease-and-desist letters and a supposed "retraction demand" do not show impropriety: the letters came from separate outside counsel and encompass separate issues, and the supposed "retraction demand" was not a demand. Counsel instead proposed avoiding third-party discovery if Papaya disclaimed the meaning Rippling attributes to its CEO's statement:

> If you have a different understanding of what [Eynat Guez's Twitter] statement means, then could you send us a letter and we will take that back and discuss it? . . . . If you said that she confirmed that she misspoke and what she's saying is that that [sic] Deel has never harmed her and then we can talk to Rippling about withdrawing its RICO allegations involving Papaya.

(D.I. 11-1 at Tr. 82:7-19) In context, that exchange reflects an effort to narrow discovery, not an improper purpose. Because Papaya has produced no responsive materials, Deel can only speculate about the basis, if any, for the statements Rippling attributes to Papaya's CEO.

*Finally*, Papaya's objection to service also fails. Papaya did not object to the legitimacy of service, nor could it because Deel personally served a corporate officer. *See Perrong v. Caller*

*Identified as Connor*, No. CV 22-4479 (CPO/EAP), 2023 WL 113957, at *4 (D.N.J. Jan. 4, 2023) ("Fed. R. Civ. P. 45, . . . when the object of the subpoena is a corporation, requires personal service of a copy of the subpoena upon a corporate officer or agent authorized under Fed. R. Civ. P. 4 to accept service of process."). The suggestion that service was intended to embarrass Papaya's CEO is also unsupported.[6] Service was proper here. *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 348 (W.D. Va. 1999) ("[U]nder the Federal Rules of Civil Procedure, a party properly may serve a subpoena upon a corporation by personal service upon an officer.").

Before service, Deel's outside counsel sought to identify Papaya's counsel, contacting Papaya's last known counsel, who had since changed firms and were now at Brithem. Brithem confirmed it was ***not*** representing Papaya for the Rippling matter.[7] Deel had communicated with Papaya's in-house counsel in another matter but understood Papaya's legal team to be based in Singapore and Israel.[8] With no clear identification of Papaya's outside or U.S.-based in-house counsel, Deel served a corporate officer under the Federal Rules.

### C. Papaya Ignores The Record To Claim There Is "No Factual Predicate."

#### 1. By repeatedly claiming there is "no factual predicate," Papaya asks the Court to ignore allegations, disclosures and public statements.

Papaya invokes "factual predicate" to block legitimate discovery without legal or factual support. Deel has identified specific allegations in the FAC and statements by Papaya's CEO that supply the Requests' factual basis. After the parties' first meet and confer, Deel explained:

---

[6] The process server ***discreetly*** handed her an envelope after she left the stage. Papaya identifies no publicity, no press coverage and no evidence that Deel sought in any way to benefit from or cause harm to Papaya due to the form of service.

[7] Papaya likewise did not identify to Deel any outside counsel representing it for the subpoena served by Rippling in the underlying case.

[8] *See* https://www.linkedin.com/in/noor-gidwani-1650524b/; https://www.linkedin.com/in/inbal-aviad-tech/

> Request No. 1 focuses on Deel's alleged misconduct in the industry. Rippling's Initial Disclosures identify Papaya Global and Eynat Guez, Chief Executive Officer at Papaya Global, as individuals likely to have discoverable information. Papaya Global is identified as having information on the subject matter, "Defendants' theft and misappropriation of confidential business information and trade secrets from Rippling and/or others." Guez is identified as having information on the subject matter, "Defendants' theft and misappropriation of Deel competitor trade secrets." Request No. 1 specifically targets any misconduct directed toward Papaya, as Papaya is the best, and likely exclusive, source of this information.

(D.I. 11-5 at 3) Request Nos. 14 and 15 narrowly seek the basis for statements by Papaya's CEO cited in the FAC and whether they support Rippling's RICO allegations. As Deel explained, "Papaya is uniquely able to provide the documents and communications related to" those statements, making it "therefore relevant and proportional to seek this third-party discovery."[9] (*Id.*) The Requests thus seek evidence bearing on Rippling's allegations and its use of Papaya's statements in the FAC.

## III. PAPAYA'S IMPROPER BLANKET OBJECTIONS SUPPORT A MOTION TO COMPEL PRODUCTION.

### A. Papaya Has Not Identified Any Trade Secrets Necessitating Relief.

Papaya cannot avoid compliance by invoking purported trade secrets. It has not met its "burden to establish that the information sought is a trade secret and that its disclosure might be harmful." *Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 WL 7960976, at *4 (D. Del. Dec. 4, 2015). Papaya identifies vague categories—"data-security posture and internal investigations" and "competitive strategy and its sensitive commercial communications"—without explaining why those materials are protected or how disclosure under a protective order would cause harm. (A.B. at 19)

---

[9] Deel also offered to defer Request No. 8 until it obtained documents from Papaya and Rippling, but Papaya demanded that Deel withdraw it permanently.

Papaya misreads *Syngenta* to claim that a presumption "governs here" and excuses compliance because Deel is a competitor. But *Syngenta* compelled production of documents "subject to a protective order." *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 16-mc-171-RGA, 2016 WL 4925099, at *4 (D. Del. Sept. 14, 2016) (compelling production of a non-party's sales data to a competitor). Like the subpoenaed party in *Syngenta*, Papaya fails to explain why its responsive documents "should be subject to any greater protections than what is currently afforded by the protective order entered in underlying case." *Id.* The protective order in place in the underlying case protects confidential information (D.I. 3-1 at Ex. 4); Deel's status as a competitor provides no basis for resisting compliance.

**B. Papaya Has Not Properly Asserted Any Privilege Justifying Its Failure To Produce Documents Responsive To The Requests.**

Papaya cannot invoke privilege to avoid searching for responsive documents. It argues, without authority, that it may "contest the validity of the requests" on privilege grounds without a privilege log. (A.B. at 19 n.7) But a general assertion of privilege is insufficient. *See Omega Liner Co. v. Norris McLaughlin, P.A.*, No. CV 25-1256 (GC) (RLS), 2025 WL 2645698, at *4 (D.N.J. Sept. 15, 2025) ("A party may not broadly assert that the privilege applies to all documents sought via subpoena; rather, the party must instead provide a privilege log or other description which would enable the Court to evaluate the privilege claim."). Papaya has not shown that any documents are properly withheld. *See Hinsinger v. Conifer Ins. Co.*, No. CV 20-14753 (RK) (RLS), 2024 WL 866529, at *8 (D.N.J. Feb. 29, 2024) ("[A] non-party seeking to withhold purportedly protected communications bears the burden of showing that a privilege applies to each communication in question."). Without a privilege log, neither Deel nor the Court can assess Papaya's privilege claim.

## IV. PAPAYA'S REQUESTS TO QUASH THE SUBPOENA AND FOR FEES AND COSTS ARE NOT PROPERLY BEFORE THE COURT.

Papaya's requests that the Court "quash the subpoena" and award sanctions in the form of "reasonable fees and costs" are improper. (A.B. at 19) Rule 7(b)(1) requires that a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *see also Tavarez v. Twp. of Egg Harbor*, No. CV 09-6119-JHR-KMW, 2012 WL 13186197, at *3 n.2 (D.N.J. Aug. 3, 2012) ("Defendants have not filed a cross-motion or motion seeking such affirmative relief. Thus, the Court declines Defendants' request for such an Order granting the type of relief sought without a formal presentation of the matter to the Court.") (citation omitted). Courts likewise recognize that "requests for affirmative relief must be made by a motion, not raised in a response brief." *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 336 (D. Kan. 2020); *see also RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 530 (C.D. Cal. 2022) (holding that "a request for affirmative relief is not proper when raised for the first time in an opposition"). Even *Duong*, which Papaya cites for its misguided sanctions argument,[10] confirms that its requests for affirmative relief in opposition briefing are improper. *Duong v. Groundhog Enters., Inc.*, No. 19-cv-01333-DMG-MAA, 2020 WL 2041939, at *12 (C.D. Cal. Feb. 28, 2020) ("Courts in this and other districts have concluded that a request for affirmative relief is not

---

10 The other cases Papaya relies on in support of the propositions that courts have "imposed sanctions in analogous circumstances" are likewise inapposite. (A.B. at 13 n.4) In *Spring Pharmaceuticals, LLC v. Retrophin, Inc.*, the court quashed a deposition subpoena served during a "a limited period of jurisdictional discovery" because the defendant sought to "depose a non-party on a matter irrelevant to the question of whether Plaintiff Spring has constitutional standing to sue, thereby overstepping the narrow scope of discovery at this early stage in the underlying litigation." No. 18-cv-04553, 2019 WL 3731725, at *1, 7 (E.D. Pa. Aug. 8, 2019). In *Black v. Wrigley*, the court granted an unopposed motion to quash based on deficiencies on the face of the subpoena and the fact that it was served on the discovery cutoff date when the local rules in the underlying case required that "discovery must be completed before the discovery closing date." No. 18-cv-2367 GPC-BGS, 2019 WL 1877070, at *2-5 (S.D. Cal. Apr. 26, 2019).

proper when raised for the first time in an opposition." (compiling cases)).

Even if Papaya could seek relief in an opposition brief, *Night Hawk* is inapposite: the subpoena at issue concerned an entity no longer in the case. *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). Here, the Subpoena seeks information about Papaya's statements concerning Deel, a party to the underlying action. The Requests target claims Rippling pleaded, not a collateral dispute.

The Court should disregard Papaya's requests to quash the subpoena and for unspecified "fees and costs."

## CONCLUSION

Deel therefore respectfully requests that the Court enter an order: (1) compelling Papaya Global, Inc. to produce forthwith all non-privileged documents responsive to Request Nos. 1, 8, 14 and 15 of the Subpoena[11]; (2) requiring Papaya to provide a privilege log for any documents withheld on the basis of privilege or work-product protection, in compliance with Rule 45(e)(2)(A); (3) directing that any production be made subject to the stipulated protective order entered in this action; and (4) providing that, after reviewing Papaya's production and privilege log, Deel reserves all rights and does not waive any argument to seek relief as to Papaya's remaining objections or any other incomplete responses to the Subpoena.

---

[11] Deel is entitled to the full relief requested in its Motion to Compel for the reasons set out in the Opening Brief and above. If the Court grants the Motion only in part, Deel proposes to further narrow Papaya's compliance at this time to producing: (i) in response to Request No. 1, non-privileged documents sufficient to show Papaya's investigation into and conclusions regarding any allegation that Deel misappropriated or attempted to misappropriate Papaya's confidential information, as alleged in the FAC; (ii) in response to Request No. 14, documents sufficient to show the basis for Ms. Guez's statement, "As far as we know, this is not a one-off incident,"; (iii) in response to Request No. 15, documents sufficient to show the basis for Ms. Guez's statement that Alex Bouaziz had "ask[ed] the family member of a Papaya co-founder to pass on information about" Papaya; and (iv) a privilege log identifying all documents withheld on the basis of any privilege.

DATED: August 18, 2026

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

*/s/ Joseph O. Larkin*
Joseph O. Larkin (ID No. 4883)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

OF COUNSEL:
Bijal V. Vakil
(*pro hac vice* pending)
525 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

*Counsel for Movant Deel, Inc.*